IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TENNISE ROBINSON CHARLES, Plaintiff, | CIVIL RIGHTS 42 U.S.C. § 1983 |
| v. | CIVIL ACTION NO. |
| TIMOTHY SCARBERRY, et al., Defendants. | 1:07-CV-1494-JEC |

### ORDER AND OPINION

On July 5, 2007, this Court found that Plaintiff had failed to allege any facts indicating that her federal civil rights had been violated. (Doc. 5). As part of that Order, this Court granted Plaintiff an opportunity to amend her complaint. (Id.). Plaintiff has filed an amendment, and the instant pro se civil rights complaint, as amended, is before this Court for a 28 U.S.C. § 1915(e)(2) frivolity screening.

I.   The Standard of Review

Title 28 U.S.C. § 1915(e)(2) requires a federal court to dismiss an in forma pauperis complaint at any time if the court determines that the action (1) "is frivolous or malicious," (2) "fails to state a claim on which relief may be granted," or (3) "seeks monetary relief against a defendant who is immune from such relief." A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably

AO 72A
(Rev.8/82)

meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint may be dismissed for failure to state a claim when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Brower v. County of Inyo, 489 U.S. 593, 597 (1989).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by a person acting under color of state law. Id. If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claim, then the complaint should be dismissed. See Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1974 (2007) (more than merely "conceivable," a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face"); Papasan v. Allain, 478 U.S. 265, 286 (1986) (the court accepts as true the plaintiff's factual contentions, not his or her legal conclusions that are couched as factual allegations); Bolin v. Story, 225 F.3d 1234, 1243 (11th Cir. 2000) (district court correctly dismissed § 1983 claims for

failure to assert any specific misconduct against IRS agent); Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992) (the court cannot read into a complaint non-alleged facts).

II. Discussion

Plaintiff alleges that she was employed by CVS Pharmacy, and on April 11, 2006, she was injured when she fell while stocking shelves at the pharmacy. (Doc. 2, attachment at p. 2). Plaintiff states that after her fall she continued stocking the shelves of the pharmacy. (Id. at 3). On April 12, 2006, Plaintiff informed Defendants Timothy Scarberry, Pharmacy Manager, and Bill Riley, District Pharmacy Manager, of her fall and the pain she was experiencing in her neck, lower back, shoulder and arm. (Id.). Scarberry then released Plaintiff from her duties, so she could have her alleged injuries examined. (Id.). On May 3, 2006, an MRI performed on Plaintiff allegedly revealed that she had a "degenerative disc," an "annular tear on her left disc," and unspecified medical issues with her neck, left knee, shoulder and arm. (Id. at 3-4).

On November 9, 2006, Plaintiff was examined by Doctor William M. Gavigan. (Doc. 6, Exh. 1). Gavigan, who is not named as a defendant in this action, reviewed the results of the

May 3, 2006, MRI and the notes of the physician who was previously treating Plaintiff. (Id.). Gavigan, who noted that Plaintiff may not have seen her previous physician since July of 2006, concluded that there was no "anatomic basis" for Plaintiff to use a cane when walking, she does not have "any significant back problem," and "she should be able to work, without restrictions." (Id. at 3). Gavigan also stated that he "would not recommend any more treatment." (Id.).

On December 28, 2006, Plaintiff was "fired and [her] benefits stopped by [Defendant] Mary Parker (insurance adjuster)." (Doc. 2, attachment, at 4; Doc. 6, Exhibit B). On January 7, 2007, Plaintiff's unemployment benefits were terminated. (Doc. 6, Exhibit C). The claim examiner for the Georgia Department of Labor found that Plaintiff was fired for "violating rules, orders or instructions when you [Plaintiff] did not report back to work nor did you contact this employer to let them know why you did not report after being out on Worker's Compensation. The facts show that you were made aware of your employer's requirements and did not follow them." (Id.).

Plaintiff does not deny that she failed to report for work as required or that she failed to notify her employer as to why she was not reporting for work. Instead, Plaintiff asserts that Parker's statements were a "blatant lie." (Doc. 6, attachment

4

to ¶ IV, at 1). In support, Plaintiff relies on a letter from an attorney who previously represented her. (Doc. 6, Exhibit D). In that letter, the attorney notes that "Gavigan performed an Independent Medical Exam," and that he was not Plaintiff's "authorized treating physician." (Id.). In the notice of suspension of worker's compensation benefits, the reason given for suspending Plaintiff's benefits was that the "authorized treating physician" found she was able "return to work on 11/9/06." (Doc. 6, Exhibit C). However, a letter dated May 2, 2007, and submitted to the Honorable Carl W. McCalla III, Administrative Law Judge, State Board of Worker's Compensation, states that Plaintiff had relocated to Nashville, Tennessee. (Exhibit G). Gavigan practices in Nashville, Tennessee, and Plaintiff does not show that she ever returned to Atlanta to be examined by her previous physician, Doctor Keith Osborn. (Id.). In other words, at the time Gavigan examined Plaintiff, she was living in Nashville, and she does not show that Osborn, or any other physician, was treating her.

Plaintiff seeks relief based on wrongful discharge, libel and slander, the Fair Credit Reporting Act, fraud and a violation of the Occupational Safety and Health Act ("OSHA"). (Doc. 6, attachment to ¶ IV, at 1-2). Plaintiff states that CVS Pharmacy violated OSHA regulations by providing her with a

5

plastic table to stock the shelves when she fell, and they now use "more stable stools." (Id. at 3). Plaintiff seeks $25,000,000.00 in damages. (Doc. 6 at ¶ V).

Under Georgia law, when employment is "terminable at the will of either party," there is "no cause of action against the employer for alleged wrongful termination." Georgia Power Co. v. Busbin, 250 S.E.2d 442, 444 (Ga. 1978). In order to maintain a federal civil rights complaint against an employer for terminating an employee, the claimant must show that the termination of employment violated his or her rights under federal law. See e.g. Wallace v. Dunn Construction Co., Inc. 62 F.3d 374, 378 (11th Cir. 1995).

Plaintiff has not alleged any facts related to her discharge which would indicate that any of the named Defendants violated any federal law. Additionally, while Plaintiff alleges that Gavigan's diagnosis was incorrect, she does not attempt to provide any facts to support her claim that she was unable to report for work or to notify CVS Pharmacy that she could not report for work in November of 2006. Even the "demand letter" from her former attorney, which attempts to make the case that Plaintiff should continue to receive workers' compensation benefits, does not allege that Plaintiff could not report for work or notify her employer. (Doc. 6, Exhibit D). However, to

be clear, had Plaintiff alleged facts to support her claim that Gavigan's diagnosis was incorrect and she could not report for work or notify her employer, such facts would not suggest a possible violation of federal law.

Plaintiff's claim of being wrongfully denied workers' compensation benefits is also governed by Georgia law. Doss v. Food Lion, Inc., 108 F.3d 294, 295 (11th Cir. 1997). Moreover, while Gavigan may not have technically been Plaintiff's treating physician, she does not show that, after July of 2006, she had been examined or treated by any other physician. Given that Plaintiff had relocated to Nashville and apparently failed to seek another physician for treatment after relocating, or to return to Atlanta to be examined by Osborn, the alleged misstatement in the notice of suspension of workers' compensation benefits, concerning who was Plaintiff's treating physician, was not material and does not suggest a violation of any federal law - including fraud and the Fair Credit Reporting Act, codified at 15 U.S.C. §§ 1681 - 1681x. See Bright v. Nemo, 756 F.2d 1513, 1519 (11th Cir. 1985) (no independent cause of action "where an employer and/or insurer have intentionally delayed Workers' Compensation payments to which the employee is entitled under the Act and where they have not properly complied with the Act's requirements").

7

Plaintiff further alleges that CVS Pharmacy violated OSHA by not providing her with a more stable stool for stocking shelves. First, Plaintiff does not explain how this alleged failure contributed to her fall or her alleged wrongful termination. More importantly, any violation of OSHA is not to "be construed to supersede or in any manner affect any workmen's compensation law or to enlarge or diminish or affect in any other manner the common law or statutory rights, duties, or liabilities of employers and employees under any law with respect to injuries, diseases, or death of employees arising out of, or in the course, of employment." Ries v. National R.R. Passenger Corp., 960 F.2d 1156, 1160 (3d Cir. 1992) (quoting 29 U.S.C. § 653(b)(4)); Byrd v. Fieldcrest Mills, Inc., 496 F.2d 1323 (4th Cir. 1974) (because employee's injury was covered by North Carolina's Workmen's Compensation Act, "plaintiff was not entitled to recover from employer for alleged negligence in violation of the Occupational Safety and Health Act"). As OSHA does not create a separate cause of action, Plaintiff may not recover damages based solely upon an alleged violation of OSHA.

Plaintiff also seeks damages for libel and slander. The Supreme Court has previously held that such claims do not state a violation of federal law, and therefore, are not cognizable in

a 42 U.S.C. § 1983 civil rights action. <u>Paul v. Davis</u>, 424 U.S. 693, 712-13 (1976).

In summary, Plaintiff has failed to allege facts which, if proven, would state a violation of federal law. Accordingly, this action should be dismissed.

III. <u>Conclusion</u>

**IT IS ORDERED** that, pursuant to 28 U.S.C. § 1915(e)(2), the instant 42 U.S.C. § 1983 civil rights action is **DISMISSED**. Plaintiff's motion for jury trial [Doc. 9] is **DENIED AS MOOT**.

**IT IS SO ORDERED**, this 28 day of January, 2008.

JULIE E. CARNES
UNITED STATES DISTRICT JUDGE